## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---

|
**TIMOTHY WILLIAMS** |
**1101 Capitol Heights Blvd.** |
**Capitol Heights MD 20743** |
|
**and** |
|
**DEIRDRE WILSON** |
**903 Shenandoah View Parkway** |
**Brunswick, Maryland 21716** |
| **Civil Action No.**
     **Plaintiffs,** |
|
     **v.** |
|
**TRIPLE CANOPY, INC.** |
**13530 Dulles Technology Dr Ste 500** |
**Herndon, VA, 20171** |
|
     **Defendant.** |

---

## COMPLAINT

1.      This is a collective and class action brought by Plaintiffs Timothy Williams and Dierdre Wilson (collectively, "Plaintiffs"), individually and on behalf of the members of the proposed class and collective identified below.  Plaintiffs and the proposed class and collective members bring this action against their current employer Triple Canopy, Inc. ("Triple Canopy" or "Defendant") seeking any and all available relief under the Fair Labor Standards Act ("FLSA") of 1938, as amended, 29 U.S.C. § 201, et seq., D.C. Code § 32-1001, et seq. ("DCMWA"), and D.C. Code § 32-1301, et seq. ("DCWPCL") for the period of three years preceding the filing of this Complaint through the present.

**JURISDICTION AND VENUE**

2.      Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 28 U.S.C. § 1367(a).

3.      Venue lies within this district pursuant to 28 U.S.C. § 1391.

**PARTIES**

4.       At all times material, each of the Plaintiffs listed in Exhibit A has been employed as a Protective Security Officers ("Officer") by Defendant Triple Canopy, Inc. at the Department of Homeland Security at the St. Elizabeth facility in Washington, D.C.. Plaintiffs Williams and Wilson have each given their written consent to be Party-Plaintiffs in this action pursuant to 29 U.S.C. § 216(b) and D.C. Code § 32-1012(b). Such consents are appended to this Complaint as Exhibit A. Plaintiffs bring this action as a collective action on behalf of themselves and all others similarly situated in accordance with 29 U.S.C. § 216(b), the DCMWRA and the DCWPCL. Plaintiffs also brings this action as a class action on behalf of themselves and all others similarly situated in accordance with Fed. R. Civ. P. 23.

5.       Plaintiff Williams has been employed as an Officer and assigned to Department of Homeland Security at the St. Elizabeth facility throughout the period of events at issue in this case.  Plaintiff Wilson has been employed as an Officer and assigned to Department of Homeland Security at the St. Elizabeth throughout the period of events at issue in this case.

6.       Each of the Plaintiffs in this action, while employed by Defendant, has been an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1), the DCWPCL and the DCMWRA.

7.       Defendant Triple Canopy is a corporation organized and existing under the laws of Illinois, with its headquarters in Herndon, Virginia. Triple Canopy provides armed security

services to Government and other entities in Washington, D.C., and throughout the world.  Since

June 2022 Defendant has been contracted to provided security officer services to the Department

of Homeland Security at the St. Elizabeth facility in Washington, D.C.

8.      At all times material, Defendant has been an employer within the meaning of 29

U.S.C. § 203(d) and D.C. Code § 32-1002(3).

9.      At all times material to this action, Defendant has been a n enterprise engaged

in commerce as defined by 29 U.S.C. § 203, and its annual dollar business volume has

exceeded $500,000.  Defendant has actively been conducting business in the District of

Columbia.

## FACTUAL ALLEGATIONS RELATED TO ALL CLAIMS

10.      Plaintiffs are or were all full-time and regular part-time armed and unarmed

Officers employed by Defendant at the Department of Homeland Security at the St. Elizabeth

facility in Washington, D.C., since 2022.

11.      Plaintiffs and other similarly situated Officers perform high level security

functions, safeguarding people and property who access the facilities at the Department of

Homeland Security at the St. Elizabeth facility in Washington, D.C.  Plaintiffs are responsible for

providing armed security services, controlling ingress and egress, monitoring security cameras,

and performing other security functions twenty-four hours per day, seven days per week.

12.      In or about June 2022 the contract for the security services at the Department of

Homeland Security at the St. Elizabeth facility in Washington, D.C., on which Plaintiffs were

and are working, was transferred to Defendant.  Plaintiffs and other similarly situated Officers

became employees of Triple Canopy.  The unlawful policies and practices alleged herein have

been in place since approximately June 2022.

13.    Plaintiffs work a fixed schedule every week, plus scheduled and unscheduled overtime, and are required to accurately report their time worked each shift.  Nevertheless, Triple Canopy routinely has not paid Plaintiffs for all time worked, including regular straight time hours and overtime hours.

14.    Defendant was contractually required to pay Plaintiffs Williams and Wilson and other similarly situated Plaintiffs increased vacation allotments, and cash in lieu thereof, starting October 1, 2024.  Defendant is and has been refusing to honor these contractual requirements.

1.    Defendant is also intentionally reducing contractually guaranteed accrual of paid vacation and cash in lieu thereof by intentionally calculating vacation accruals and cash in lieu payments based on worked hours scheduled, not all hours worked including overtime work mandated by Defendant, training hours, vacation taken, and sick leave taken, as required by contract, with the effect that vacation accruals are artificially reduced.

16.    Plaintiffs Williams and Wilson and other similarly situated Plaintiffs are not being awarded the contractually earned health and welfare contributions, and cash in lieu thereof, to which they are entitled, as Triple Canopy only pays contributions and cash in lieu thereof on hours worked, while the applicable contract requirements mandate that that health and welfare contributions and cash in lieu thereof be paid on all hours "paid", including all paid time off (e.g., vacation, sick leave, bereavement leave, paid holidays, etc.), up to forty (40) hours per week.

17.    Defendant automatically deducts daily lunch periods of 30 minutes per day from the pay of Plaintiffs and other similarly situated Officers, although it knows that they are not able to take these breaks due to the lack of coverage for them at posts that cannot be left unattended. Defendant knowingly and intentionally did not have or provide even a means or a process for the

improper deductions to be reversed; hence, on a daily basis 30 minutes of work time was automatically deducted, and Plaintiffs and other similarly situated Officers have been forced to work off the clock for 30 minutes per day. As Plaintiffs and other similarly situated Officers are scheduled to and do work at least 12 hours per day and well over 40 hours per week, this off the clock work should have been paid at overtime rates of time and one-half.

18.     Even when breaks can be provided, while Defendant automatically deducts 30 minutes of pay for an unpaid meal period, Plaintiffs and other similarly situated Officers are not provided with a duty-free meal break. Defendant's policy does not permit Plaintiffs to disarm for their meal periods, and Plaintiffs and other similarly situated Officers are not permitted to leave the premises while carrying their issued firearm. In addition, Plaintiffs and other similarly situated Officers are required to maintain their radio during meal breaks and respond to radio calls and/or incidents as necessary. As such, Plaintiffs and other similarly situated Officers spend their meal periods in the locker room, with their issued firearms actively monitoring their radios.

19.     Even though the Officers are contractually entitled to 45 minutes of paid breaks for each of their 12 hour shifts, Defendant does not provide the contractually required paid breaks, and still auto deducts a 30 minute unpaid break, even though the 30 minute breaks are not taken.

20.     Plaintiffs and other similarly situated Officers assigned to "relief" or "break guard" posts are not permitted to return to the locker room during a meal break. In a "relief" post, the Plaintiff does not have a fixed assignment but instead spends their shift relieving other Officers and working those posts while the permanently assigned Officer leaves the post for a break. Plaintiffs are routinely deprived of meal breaks when working "relief" posts due

to the requirement to maintain their weapon, guard the post and respond to radio calls.

21.    Defendant discharged its obligation to provide fringe benefits pursuant to the Service Contract Act ("SCA") with cash in lieu payments.  Defendants violated the FLSA, DCMWA, and DCWPCL by unlawfully and incorrectly calculating Plaintiffs' and the proposed class and collective's overtime premium compensation, leading to underpayment of overtime premium compensation.  Defendants were required by Federal and District of Columbia law to pay Plaintiffs and the proposed class and collective time and a half their "regular rate" as defined pursuant to Federal and District of Columbia law.   At all times during the relevant period, Plaintiffs' and the proposed class and collective's "regular rate" included any and all cash paid in lieu of fringe benefits in accordance with Federal and District of Columbia law.  At all times during the relevant period, Defendants failed and/or refused to include Plaintiffs' and the proposed class and collective's cash paid in lieu of fringe benefits in their "regular rate" for the purpose of calculating their overtime compensation for all hours worked over forty in each and every workweek.  This incorrect and unlawful calculation has directly caused Plaintiffs and the proposed class and collective to suffer lost overtime premium compensation which they were lawfully promised, owed, and/or earned pursuant to the FLSA, the DCMWA, and the DCWPCL.

22.    Plaintiffs are entitled to be paid one-and-a-half times their regular rate (the overtime premium) for time worked over 40 hours per workweek.

23.    None of the exemptions from overtime or other wage payments - under federal or District of Columbia law - apply to Plaintiffs or to those similarly situated.

24.    As Plaintiffs' employer, Triple Canopy is responsible for paying all wages, other contractual sums, and premiums required by law and contract.

25.     Defendant recklessly chose to disregard the consequences of its actions.

26.     As a result of Defendant's unlawful conduct, Plaintiffs and all other similarly

situated Officers have been denied payment at the legally required rates for all time and overtime

worked, and other owed sums as specified herein, and, therefore, they are entitled to their unpaid

wages, liquidated damages, penalties, and all other available relief.

## CLASS/COLLECTIVE DEFINITIONS

27.     Plaintiffs bring this action on behalf of themselves and all other similarly situated

employees as an FLSA collective action and a DCMWA and DCWPCL class and collective.

The Overtime Class and Collective is defined as:

> All individuals employed as full-time and regular part-time armed and unarmed
> Protective Security Officers employed at the Department of Homeland Security at
> the St. Elizabeth facility in Washington, D.C. in the three years preceding the date
> on which this Complaint was filed.

28.     Plaintiffs Williams and Wilson bring this action on behalf of themselves and all

other similarly situated employees as class and collective action pursuant to the DCWPCL. The

Wage Class and Collective is defined as:

> All individuals employed as full-time and regular part-time armed and unarmed
> Protective Security Officers employed at the Department of Homeland Security at
> the St. Elizabeth facility in Washington, D.C. in the three years preceding the date
> on which this Complaint was filed.

29.     The Overtime Class and Collective and DCWPCL Wage Class and Collective

may be referred to collectively as the "Classes".

30.     Plaintiffs reserve the right to redefine the Classes prior to class certification,

conditional collective certification, and collective certification, and thereafter as necessary.

31.     Plaintiffs reserve the right to create and define sub-classes and/or sub-collectives

prior to class certification, conditional collective certification, and collective certification, and

thereafter as necessary.

## OVERTIME CLASS AND COLLECTIVE ALLEGATIONS

32. Plaintiffs bring their overtime claims as a FLSA collective and DCMWA and DCWPCL class and collective on behalf of all similarly situated employees.

33. The members of the Overtime Class and Collective are so numerous that joinder of all members is impracticable. Upon information and belief, there are at least 300 members in the Overtime Class and Collective.

34. Plaintiffs and the Overtime Class and Collective are "similarly situated" because, *inter alia:* all such individuals were employed as full-time and regular part-time armed and unarmed Protective Security Officers employed at the Department of Homeland Security at the St. Elizabeth facility in Washington, D.C. pursuant to the Defendants' previously described common pay practices and worked in excess of forty hours in any workweek within the three years prior to the filing of this Complaint.

35. The "similarly situated" employees which would constitute the Overtime Class and Collective are known to the Defendants, are readily identifiable and may be located through the Defendants' records and the records of any payroll companies that the Defendants utilize.

36. Defendant employs all members of the Overtime Class and Collective in the District of Columbia.

37. The "similarly situated" employees may be readily notified of this action through direct U.S. mail and/or other appropriate means and allowed to opt into this action pursuant to 29 U.S.C. § 216(b) and D.C. Code § 32-1308, for the purpose of collectively adjudicating their claims for unpaid overtime, liquidated damages, and attorneys' fees and costs under District of Columbia and/or Federal law.

38. Plaintiffs FLSA, DCMWA, and DCWPCL claims and the claims of the Overtime

Class and Collective arise from Defendant's class-wide failure to lawfully calculate overtime compensation for the Plaintiffs and the Overtime Class and Collective.

39.     Plaintiffs' FLSA, DCMWA, and DCWPCL claims are typical of those claims which could be alleged by any members of the Overtime Class and Collective and the relief sought is typical of the relief which would be sought by each member of the Overtime Class and Collective in separate actions.

40.     Plaintiffs and the members of the Overtime Class and Collective sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures perpetrated by the Defendants during the relevant period in violation of the FLSA, DCMWA, and DCWPCL.

41.     Plaintiffs and the Plaintiffs' counsel can fairly and adequately protect the interests of the Overtime Class and Collective and have no interests antagonistic to the members of the Overtime Class and Collective.

42.     There are questions of fact and law common to the FLSA, DCMWA, and DCWPCL claims belonging to Plaintiffs and the members of the Overtime Class and Collective that predominate over any questions affecting only individual members, such as:

a.     whether Defendant had a practice and policy of wrongly deducting 30 minutes from the time worked in each shift as an unpaid meal break, even though any unpaid meal break either was not taken at all, or was not uninterrupted;

b.     whether Defendant knowingly kept inaccurate time records;

c.     whether Defendant is not paying Plaintiffs for all time worked, including regular straight hours and overtime hours;

d.      whether Defendant is not paying Plaintiffs their accurate pay earned in a timely

manner;

e.      whether Defendant is maintaining an accurate timekeeping system to record

Plaintiffs' time worked and pay earned;

f.      whether Plaintiffs and similarly situated Officers are being paid one and one-half

times their regular rate of pay for hours worked over 40 hours in a work week;

g.      whether Plaintiffs are being shorted health and welfare contributions and the pay

in lieu thereof;

h.      whether Plaintiffs are being shorted paid vacation accrual and the pay in lieu

thereof;

g.      whether Defendant had a practice and policy of wrongly miscalculating the vacation

accruals and the pay in lieu thereof of the Officers' vacation;

h.      whether Plaintiffs and other similarly situated Officers assigned to "relief" or

"break guard" posts are routinely deprived of meal breaks when working "relief" posts

due to the requirement to maintain their weapon, guard the post and respond to radio

calls; and

i.      whether the Defendants properly excluded the cash paid in lieu of benefits from

Plaintiffs' and the Overtime Class and Collective members' "regular rate" for the

calculation of overtime premium.

43.      A class action for the Overtime Class and Collective is superior to other available

methods for the fair and efficient adjudication of the controversy, particularly in the context of

wage and hour litigation where individual plaintiffs bringing claims under the FLSA, DCMWA,

and DCWPCL lack the financial resources to vigorously prosecute separate lawsuits in Federal

Court, particularly those with relatively small claims.

44.     The questions set forth above related to the FLSA, DCMWA, and DCWPCL claims by Plaintiffs and the members of the Overtime Class and Collective predominate over any questions affecting only individual persons, and a class action promotes consistency, economy, efficiency, fairness, and equity, to other available methods for the fair and efficient adjudication of the claims.

## WAGE CLASS AND COLLECTIVE ACTION ALLEGATIONS

45.     Plaintiffs Wiliams and Wilson bring this action as a class and collective action pursuant to the DCWPCL on behalf of themselves and the Wage Class and Collective as defined above.

46.     The members of the Wage Class and Collective are so numerous that joinder of all members is impracticable. Upon information and belief, there are at least 300 members in the DCWPCL Wage Class and Collective.

47.     Plaintiffs Wiliams and Wilson and the Wage Class and Collective are "similarly situated" as that term is used in 29 U.S.C. § 216(b) and D.C. Code § 32-1308(a)(2) because, *inter alia:* all such individuals were employed as full-time and regular part-time armed and unarmed Protective Security Officers employed at the Department of Homeland Security at the St. Elizabeth facility in Washington, D.C. pursuant to the Defendants' previously described common pay practices and worked in excess of forty hours in any workweek within the three years prior to the filing of this Complaint.

48.     The "similarly situated" employees which would constitute the Wage Class and Collective are known to the Defendants, are readily identifiable and may be located through the Defendants' records and the records of any payroll companies that the Defendants utilize.

49.     The Defendants employ all members of the Wage Class and Collective throughout the District of Columbia.

50.     The "similarly situated" employees may be readily notified of this action through direct U.S. mail and/or other appropriate means and allowed to opt into this action pursuant to 29 U.S.C. § 216(b) and D.C. Code § 32-1308, for the purpose of collectively adjudicating their claims for unpaid overtime, liquidated damages, and attorneys' fees and costs under District of Columbia and/or Federal law.

51.     Plaintiffs Wiliams and Wilson DCWPCL claims and the claims of the Wage Class and Collective arise from the Defendants' class-wide failure to pay all wages promised to, owed to, and/or earned pursuant to District of Columbia law.

52.     Plaintiffs Wiliams and Wilson's DCWPCL claims are typical of those claims which could be alleged by any members of the Wage Class and Collective and the relief sought is typical of the relief which would be sought by each member of the Wage Class and Collective in separate actions.

53.     Plaintiffs Wiliams and Wilson and the members of the Wage Class and Collective sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures perpetrated by the Defendants' during the relevant period in violation of the DCWPCL.

54.     Plaintiffs Wiliams and Wilson and the Plaintiffs' counsel can fairly and adequately protect the interests of the Wage Class and Collective and have no interests antagonistic to the members of the Wage Class and Collective.

55.     There are questions of fact and law common to the DCWPCL claims belonging to Plaintiffs Wiliams and Wilson and the members of the Wage Class and Collective that

predominate over any questions affecting only individual members, such as:

a. whether Defendant had a practice and policy of wrongly deducting 30 minutes from the time worked in each shift as an unpaid meal break, even though any unpaid meal break either was not taken at all, or was not uninterrupted;

b. whether Defendant knowingly kept inaccurate time records;

c. whether Defendant is not paying Plaintiffs for all time worked, including regular straight hours and overtime hours;

d. whether Defendant is not paying Plaintiffs their accurate pay earned in a timely manner;

e. whether Defendant is maintaining an accurate timekeeping system to record Plaintiffs' time worked and pay earned;

f. whether Plaintiffs and similarly situated Officers are being paid one and one-half times their regular rate of pay for hours worked over 40 hours in a work week;

g. whether Plaintiffs are being shorted health and welfare contributions and the pay in lieu thereof;

h. whether Plaintiffs are being shorted paid vacation accrual and the pay in lieu thereof;

g. whether Defendant had a practice and policy of wrongly miscalculating the vacation accruals and the pay in lieu thereof of the Officers' vacation;

h. whether Plaintiffs and other similarly situated Officers assigned to "relief" or "break guard" posts are routinely deprived of meal breaks when working "relief" posts due to the requirement to maintain their weapon, guard the post and respond to radio calls; and

i.     whether the Defendants properly excluded the cash paid in lieu of benefits from

Plaintiffs' and the Overtime Class and Collective members' "regular rate" for the

calculation of overtime premium.

56.     A class action for the Wage Class and Collective is superior to other available

methods for the fair and efficient adjudication of the controversy, particularly in the context of

wage and hour litigation where individual plaintiffs bringing claims under the DCWPCL lack the

financial resources to vigorously prosecute separate lawsuits in Federal Court, particularly those

with relatively small claims.

57.     The questions set forth above related to the DCWPCL claims by Plaintiffs

Wiliams and Wilson and the members of the Wage Class and Collective predominate over any

questions affecting only individual persons, and a class action promotes consistency, economy,

efficiency, fairness, and equity, to other available methods for the fair and efficient adjudication

of the claims.

### COUNT I
### VIOLATION OF THE FLSA BY DEFENDANT [29 U.S.C. § 201 *et. seq.*]

58.     Plaintiffs repeat and incorporate by reference the allegations set forth in

Paragraphs 1 through 57 above.

58.     At all times material herein, Plaintiffs Williams and Wilson, the opt-in

Plaintiffs, and all others similarly situated have been entitled to the rights, protections, and

benefits provided under the FLSA, 29 U.S.C. § 201, *et seq.*

59.     At all times material herein, Plaintiffs have worked in excess of the hourly

levels for overtime compensation specified in the FLSA, 29 U.S.C. § 207. As a result, at all times

material herein, Plaintiffs have been entitled to overtime compensation at a rate of not less

than one and one-half times their regular rate of pay for the hours of worked in excess of 40 in a workweek.

60.     From approximately June 2022 continuing to the present, Defendant has consistently failed to pay Plaintiffs the overtime compensation to which they are entitled under the FLSA by failing to compensate them at the correct overtime rate including cash in lieu payments, automatically deducting for meal periods that were worked, and in all other ways as specified herein. Thus, Defendant has failed to compensate Plaintiffs at the rate of one and one-half times their regular rates of pay for all hours worked over 40 in a workweek.

61.     By failing to pay Plaintiffs overtime compensation at the rate of one and one-half times Plaintiffs' regular rates of pay as described *supra,* Defendant has violated the overtime requirements of section 207(a) of the FLSA, 29 U.S.C. § 207(a).

62.     Defendant's violations of the FLSA as alleged herein have been done in a willful and bad faith manner.

63.     As a result of the aforesaid willful violations of the FLSA, compensation has been unlawfully withheld by Defendant from Plaintiffs Williams and Wilson, the opt-in Plaintiffs, and similarly situated persons for which the Defendant is liable pursuant to 29 U.S.C. §216(b), together with an additional equal amount as liquidated damages, as well as reasonable attorneys' fees and the costs of this action.

64.     The employment and work records for Plaintiffs and all similarly situated employees are in the exclusive possession, custody, and control of Defendant, and Plaintiffs are unable to state at this time the exact amount owing to each of them. Defendant is under a duty imposed by 29 U.S.C. § 211(c) and the regulations of the U.S. Department of Labor to maintain

and preserve Plaintiffs' payroll and other employment records from which the amounts of the Defendant's liability can be ascertained.

**COUNT II**
**VIOLATION OF DISTRICT OF COLUMBIA MINIMUM WAGE ACT**
**AGAINST DEFENDANT**
**[D.C. Code §32-1001 et seq.]**

65.     Plaintiffs repeat and incorporate by reference the allegations set forth in Paragraphs 1-64 above, and the paragraphs that follow.

66.     At all times material herein, Plaintiffs Williams and Wilson and all members of the Class have been entitled to the rights, protections, and benefits provided under the DCMWRA, D.C. Code § 32-1001, *et seq*.

67.     At all times material herein, Plaintiffs Williams and Wilson and all members of the Class have worked in excess of the hourly levels for overtime compensation specified in the DCMWRA, D.C. Code § 32-1003(c). As a result, at all times material herein, Plaintiffs and members of the Class have been entitled to overtime compensation at a rate of not less than one and one-half times their regular rate of pay for the hours of worked in excess of 40 in a workweek.

68.     From approximately June 2022 continuing to the present, Defendant has consistently failed to pay Plaintiffs and members of the Class the overtime compensation to which they are entitled under the DCMWRA by failing to compensate them as specified herein. Thus, Defendant has failed to compensate Plaintiffs and Class members at the rate of one and one-half times their regular rates of pay for all hours worked over 40 in a workweek.

69.     By failing to pay Plaintiffs overtime compensation at the rate of one and one-half times their regular rates of pay, as described *supra,* Defendant has violated the overtime requirements of D.C. Code § 32-1003(c).

70.     Defendant's violations of the DCMWRA as alleged herein have been done in a willful and bad faith manner.

71.     As a result of the Defendant's willful violations of the DCMWRA, compensation has been unlawfully withheld from the Plaintiffs and Class members for which Defendant is liable, together with an additional amount equal to three times the unpaid wages as liquidated damages, as well as interest, reasonable attorneys' fees, and the costs of this action.

72.     The employment and work records for Plaintiffs and Class members are in the exclusive possession, custody, and control of Defendant.  Defendant is under a duty imposed by D.C. Code § 32-1008 to maintain and preserve the payroll and other employment records of Plaintiffs and Class members from which the full amount of Defendant's liability can be ascertained.

## COUNT III
## VIOLATION OF DISTRICT OF COLUMBIA WAGE PAYMENT AND COLLECTION LAW AGAINST DEFENDANT
## [D.C. Code §32-1301 et seq]

73.      Plaintiffs repeat and incorporate by reference the allegations set forth in Paragraphs 1-72 above, and the paragraphs that follow.

74.     The DCWPCL mandates that an employer is obligated to pay all wages due and owed to its employees.

75.     At all times during the relevant period, named Plaintiffs and all members of the Plaintiff class were employed by the Defendant within the meaning of the DCWPCL.

76.     Under the DCWPCL, "wages" are defined to include, *inter alia,* "[o]ther remuneration promised or owed... [p]ursuant to a contract between an employer and another person or entity; or [p]ursuant to District or federal law."

77.     Defendant has intentionally failed to pay all wages promised, owed, and/or earned

due for all hours worked as a result of the above alleged unlawful practices in violation of the DCWPCL

78.     Defendant's failure to pay all wages promised, owed, and/or earned and adhere to wage payment requirements in compensating Plaintiffs was willful, knowing and intentional, or, at a minimum, reckless.

79.     As a result of the Defendant's willful violations of the DCWPCL, compensation has been unlawfully withheld from the Plaintiffs and Class members for which Defendant is liable, together with an additional amount equal to three times the unpaid wages as liquidated damages, as well as interest, reasonable attorneys' fees, and the costs of this action.

80.     The employment and work records for Plaintiffs and Class members are in the exclusive possession, custody, and control of Defendant. Defendant is under a duty to maintain and preserve the payroll and other employment records of Plaintiffs  and  Class members  from  which  the  full  amount  of  Defendant's  liability  can  be ascertained.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and all similarly-situated Officers, pray for the following relief:

1.     An order designating this action as a collective action on behalf of the Plaintiffs and the Class and issuance of notices pursuant to 29 U.S.C. § 216(b);

2.     An order certifying this action as a Fed. R. Civ. P. 23 class action on behalf of the Class;

3.     An order designating the Plaintiffs as representatives of the Classes and appointment of Plaintiffs' counsel as counsel for the Class;

4.     Leave to add additional plaintiffs by motion, the filing of written consent forms,

or any other method approved by the Court;

5.      An order ordering a complete and accurate accounting of all the compensation to which the Plaintiffs, all others similarly situated, and Class and Collective members are entitled;

6.      An order finding that the Defendant violated the FLSA, DCWPCL, and DCMWA;

7.      An order finding that the Defendant's violations of the FLSA, DCWPCL, and DCMWA were not the product of good faith;

8.      An order finding the Defendant's violations of the FLSA, DCWPCL, and DCMWA were willful;

9.      An order declaring that the Defendant has willfully and wrongfully violated their statutory and legal obligations and deprived Plaintiffs and Class and Collective members of their rights, privileges, protections, compensation, benefits, and entitlements under the law, as alleged herein

10.     Judgment against the Defendant in favor of Plaintiffs and the members of the Proposed Class and Collective equal to any and all unpaid wages, including overtime compensation;

11.     An award against the Defendant in favor of Plaintiffs and the members of the Proposed Class and Collective in the full amount of available liquidated damages, treble damages, interest and penalties as provided under the FLSA, DCWPCL, and/or DCMWA;

12.     An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims; and

13.     Any such other and further relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby request a trial by jury.

May 21, 2025                    Respectfully submitted,

/s/ Scott Kamins
Scott Kamins, Bar # MD0223
Offit Kurman P.A.
7021 Columbia Gateway Dr.
Suite 200
Columbia, MD 21046
(301) 575-0347 (phone)
skamins@offitkurman.com

Sarah R. Goodman, *Pro Hac Vice* pending
Offit Kurman P.A.
1801 Market St., Suite 2300
Philadelphia, PA 19103
(267) 338-1319 (phone)
sarah.goodman@offitkurman.com

*Attorneys for Plaintiffs*